IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DONALD RAY STRICKLAND | ) | |
| | ) | Case No. 10-30697 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR RELIEF FROM STAY

Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, National Association ("Wells Fargo"), by and through undersigned counsel, hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362. In support of this Motion, Wells Fargo respectfully shows the Court:

1. Wells Fargo is a national banking association, organized and existing under the laws of the United States of America.

2. The Debtor, a citizen of Mecklenburg County, North Carolina, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on or about March 15, 2010 (the "Petition").

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 362. This matter is a core proceeding. This Motion is made pursuant to the requirements of Fed. R. Bankr. P. 4001 and 9014, and the local rules of this Court.

4. On or about June 15, 2004, Mid-Atlantic Title Services, Inc. (the "Borrower") executed a Promissory Note in the original principal amount of $300,000.00 (the "Note"). Wells

Fargo is the owner and holder of the Note. Borrower is listed as a co-debtor in the Petition, and upon information and belief, has been dissolved. A true and accurate copy of the Note is attached hereto as <u>Exhibit A</u> and is incorporated by reference.

5.  The Note is secured by a deed of trust on real property owned by Debtor and located at 1004 Palmer Plaza Lane, Charlotte, NC 28211 (the "Collateral"). The Deed of Trust was recorded on July 14, 2004, in Book 17484 at Page 257 of the Mecklenburg County Public Registry (the "Deed of Trust"). A true and accurate copy of the Deed of Trust is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

6.  Borrower has defaulted under the payment provisions of the foregoing Note and Deed of Trust by failing to make payments of principal and interest when due.

7.  The aforesaid default by the Borrowers ordinarily would have entitled Wells Fargo to foreclose on the real property subject to the Deed of Trust. Wells Fargo, however, is enjoined from foreclosing on its Collateral pursuant to 11 U.S.C. § 362.

8.  The Debtor has scheduled the value of the Collateral as $310,200.

9.  The payoff due and owing to Wells Fargo as of March 29, 2010, is $212,595.84 in principal, $16,823.93 in accrued interest and fees and expenses in the amount of $32,867.59 for a total of $262,287.36. Interest continues to accrue at a per diem rate of $41.34.

10. In addition, the Petition indicates that New Dominion Bank is the holder of a secured claim against the Collateral in the amount of $47,684.57 and that the Mecklenburg County Tax Collector is the holder of a secured claim against the Collateral in the amount of $4,167.43. Thus, the estimated total amount of secured claims against the Collateral equals $314,139.36 and exceeds the scheduled value of the Collateral.

RA-3002269 v1

11. Due to the decline in the real estate market, the costs associated with marketing and selling the property and with interest continuing to accrue, it is unlikely that a sale of the property by the trustee would realize any gain for the estate.

12. As a result of the averments in paragraphs "6" through "11," no equity exists in the subject property, and as such, Wells Fargo lacks adequate protection of its interest in the Collateral. By virtue of such lack of protection, good cause exists to lift the automatic stay imposed hereunder. Otherwise, Wells Fargo will suffer irreparable harm with respect to Wells Fargo's interest in the Collateral.

13. Due to the lack of any equity in the Collateral, the Collateral has no value or benefit for the estate and is likely a burden to the estate.

14. Should this Motion for Relief from Stay be granted and Wells Fargo allowed to foreclose on the Collateral, to the extent that any such sale results in a recovery greater than what is owed to Wells Fargo on the Note, and other secured creditors to the extent of their secured claims, Wells Fargo would distribute any remaining proceeds to the Trustee.

15. Wells Fargo requests that provisions of 11 U.S.C. § 362(e) apply to this Motion for Relief from Stay and that any preliminary hearing scheduled on the Motion be combined with a final evidentiary hearing.

16. The Chapter 7 Trustee, Larry Michael Stiles has indicated that he does not object to this Motion for Relief from Stay.

WHEREFORE, Wells Fargo prays the Court:

1. For relief from the automatic stay of 11 U.S.C. § 362 to foreclose the real property and apply any sale proceeds thereof to the outstanding balance due according to the terms of the Note, Deed of Trust, and applicable state law, with the provision that if any proceeds

are recovered in excess of Wells Fargo's, New Dominion's interest in the Collateral and to pay outstanding real estate taxes, Wells Fargo has an obligation to turn those excess proceeds over to the Chapter 7 Trustee;

2. The provisions of 11 U.S.C. § 362(e) apply to this Motion for Relief from Stay and that any preliminary hearing scheduled on the Motion be combined with a final evidentiary hearing;

3. The provisions of Fed. R. Bankr. P. 4001(a)(3) not apply so that Wells Fargo may immediately enforce and implement any Order that may grant relief from the automatic stay;

4. For reasonable attorneys' fees to be awarded to Wells Fargo; and

5. For such other relief as the Court deems just and proper.

This the 4th day of May, 2010.

/s/ Amy Pritchard Williams
Amy Pritchard Williams
N.C. Bar No. 19233
John R. Gardner
N.C. Bar No. 32683
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC  28202
Telephone:  (704) 331-7429
Facsimile:  (704) 353-3129

Attorneys for Wells Fargo Bank, N.A.

OF COUNSEL:

K&L GATES, LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, North Carolina  28202

RA-3002269 v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DONALD RAY STRICKLAND | ) | |
| | ) | Case No. 10-30697 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **MOTION FOR RELIEF FROM STAY** and **NOTICE OF MOTION AND OPPORTUNITY FOR HEARING** by mailing copies via First Class mail in envelopes with sufficient postage attached and addressed to each such party in interest or their counsel as follows:

Donald Ray Strickland
10645 Knox Avenue
Matthews, NC 28105
*Debtor*

Terry M. Duncan
Duncan Law, PLLC
4801 East Independence Blvd.
Suite 1100
Charlotte, NC 28212
*Attorney for Debtor*

Larry Michael Stiles
Chapter 7 Trustee
223 East Blvd.
Charlotte, NC 28203
*Chapter 7 Bankruptcy Trustee*

This the 4th day of May, 2010.

/s/ Amy Pritchard Williams
Amy Pritchard Williams

5

RA-3002269 v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DONALD RAY STRICKLAND | ) | |
| | ) | Case No. 10-30697 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION AND OPPORTUNITY FOR HEARING

Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, National Association ("Wells Fargo"), by and through its undersigned counsel, has filed a motion with the Court seeking relief from the automatic stay (this "Motion"), a copy of which accompanies this Notice.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant this Motion allowing Wells Fargo to be granted the relief requested or if you want the Court to consider your views on this Motion, then, pursuant to Local Rule 9013-1 and 9014-1, and within fifteen (15) days, you or your attorney must:

File with the Court a written response and request for a hearing at:

United States Bankruptcy Court
For the Western District of North Carolina
Charlotte Division
P.O. Box 34189
Charlotte, NC 28234-4189

If you mail your request/response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

On or before the date stated above for written responses, also mail or fax a copy to:

RA-3002269 v1

>Amy Pritchard Williams
>John R. Gardner
>K&L Gates, LLP
>Hearst Tower, 47th Floor
>214 North Tryon Street
>Charlotte, NC  28202

Attend the hearing scheduled for Thursday, May 27, 2010 at 9:30 a.m. at the United States Bankruptcy Court located in the Charles Jones Federal Building at 401 West Trade Street in Charlotte, North Carolina.

**If you or your attorney do not take these steps, a hearing will not be held, and the Court may decide that you do not oppose or object to the relief sought in this Motion and may enter an order granting that relief.**

Date: May 4, 2010

>/s/ Amy Pritchard Williams
>Amy Pritchard Williams
>John R. Gardner

2

RA-3002269 v1